78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ethel M. WALTON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3720.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ethel M. Walton seeks review of the February 16, 1995 decision of the Merit Systems Protection Board (MSPB), Docket No. SL831E950023-I-1, which affirmed the decision of the Office of Personnel Management (OPM) to deny Walton's application for a disability retirement annuity. The initial decision became final on June 27, 1995 when the MSPB denied Walton's petition for review. We affirm.
 
 
 2
 * Walton served as a Distribution Clerk and Window Clerk for the United States Postal Service (USPS) from November 23, 1968 to April 28, 1977. Upon Walton's resignation from the USPS, Walton requested and received a full refund of her retirement contribution.
 
 
 3
 On April 11, 1994, Walton submitted an application for a disability retirement annuity to OPM. OPM denied her application as untimely, stating that Walton failed to file the application either prior to separation or within one year thereafter as required by 5 U.S.C. § 8337(b) (1994). OPM's rejection informed Walton that § 8337(b) allowed OPM to waive the timeliness requirement if the applicant at the time of separation of service or within one year thereafter was mentally incompetent, and if the application was filed within one year from the date of restoration of the applicant's mental competency or the appointment of a fiduciary, whichever was earlier. In support of her request for reconsideration of OPM's decision, Walton submitted: (1) medical records detailing various physical ailments; and (2) two statements from individuals attesting to Walton's distressed state of mind in 1977. On September 22, 1994, OPM affirmed its initial determination, stating that none of the evidence submitted by Walton established her mental incompetency at the time of her separation or during the one year thereafter.
 
 
 4
 On appeal to the MSPB, the administrative judge (AJ) affirmed OPM's decision. The AJ found that Walton's medical evidence was insufficient to establish mental incompetency, and that the USPS's alleged failure to inform Walton of the requisite filing deadline for a disability retirement annuity was of no consequence. After the MSPB denied Walton's petition for review, Walton appealed to this court.
 
 II
 5 U.S.C. § 8337(b) provides:
 
 5
 A claim may be allowed under this section only if the application is filed with [OPM] before the employee ... is separated from the service or within 1 year thereafter. This time limitation may be waived by [OPM] for an employee ... who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with [OPM] within 1 year from the date of restoration of the employee ... to competency or the appointment of a fiduciary, whichever is earlier.
 
 
 6
 In order to establish her eligibility for a waiver by OPM under the statute, Walton must establish that she was mentally incompetent at the time of her separation or within one year thereafter and that her application for a waiver is timely. After examining Walton's submitted evidence, we agree with the AJ that Walton's medical records, which detail only physical ailments, or statements from others attesting to Walton's state of mind do not assert Walton's mental incompetence. Additionally, an agency is not required to inform an employee of the time limit in which the employee must file a voluntary disability retirement annuity application. Thus, the AJ was correct in refusing to take into account Walton's alleged lack of knowledge of the relevant statutorily mandated filing deadline. See Glaspell v. Office of Personnel Management, 20 M.S.P.R. 375, 376 (1984).
 
 
 7
 Walton has thus failed to demonstrate that the MSPB's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). The decision of the MSPB is therefore affirmed.